# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| Secretary of Labor, | ) | CIVIL FILE NO. |
| United States Department of Labor, | ) | |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| 811 AUTOWORKS, LLC D/B/A | ) | |
| A OK WALKER AUTOWORKS. | ) | |
| AND MILES WALKER, an individual, | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants 811 Autoworks, LLC d/b/a A Ok Walker Autoworks and Miles Walker (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 7, 11(c), and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages together with an

1

equal amount as liquidated damages.

## I.

1.  This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 28 U.S.C. §§ 1331 (federal question), and 1345 (United States as plaintiff).

2.  Venue lies in the United States District Court, Northern District of Georgia, Newnan Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

## II.

1.  Defendant 811 Autoworks, LLC d/b/a A Ok Walker Autoworks at all times hereinafter mentioned, has been a Georgia corporation licensed to do business in the State of Georgia, with a principal place of business at 261 Clover Reach, Peachtree City, Fayette County, Georgia 30269 (the "Workplace").

2.  Defendant Miles Walker, an individual doing business in Peachtree City, Georgia, at all times hereinafter mentioned, is and has been the owner of 811 Autoworks, LLC d/b/a A Ok Walker Autoworks, and has acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees, including the

hiring and termination of workers, and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

3.   At all times hereinafter mentioned, each defendant has been a "person" within the meaning of Section 3(a) of the Act, 29 U.S.C. § 203 (a) in that each has been an "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

### III.

At all times hereinafter mentioned:

1.   Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2.   Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### IV.

Since at least April 5, 2019, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees, for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.  Specifically, Defendants paid employees a flat weekly rate of pay regardless of the number of hours worked per workweek.

## V.

Since at least April 5, 2019, Defendants, employers  subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

## VI.

By the conduct described in below, Defendants violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by intentionally

discriminating against their employees because of their exercise of rights secured by the Act:

1.  On January 26, 2021, Defendants' former employee Andreas Flaten called the Wage and Hour Division (WHD) of the U.S. Department of Labor to report that Defendants failed to pay him his last paycheck.  According to Defendants, they had prepared Mr. Flaten's last paycheck "but it never made it to the mail."

2.  On January 27, 2021, a representative of WHD called Defendants concerning Mr. Flaten's last paycheck.  Defendants informed Wage and Hour that they would not pay Mr. Flaten his last pay check.

3.  Instead, within hours of learning that Mr. Flaten had complained to WHD about not receiving his last paycheck, Defendants decided to pay Mr. Flaten in pennies. Defendant Walker stated "How can you make this guy realize what a disgusting example of a human being he is …. [Y]ou know what? I've got plenty of pennies; I'll use them."

4.  On March 12, 2021, Defendants left approximately 91,500 pennies on Mr. Flaten's driveway. On top of the pile of pennies, Defendants left a copy of Mr. Flaten's paycheck with an expletive written on the outside.

5. After dumping the pennies on Mr. Flaten's driveway, Defendants posted the following to their company website, "What started out as a gotcha to a subpar ex-employee, sure got a lot of press . . . . Let us just say that maybe he stole? Maybe he killed a dog? Maybe he killed a cat? Maybe he was lazy? Maybe he was a butcher?  . . . know that no one would go to the trouble we did to make a point with out [sic] being motivated."  To date, upon the Secretary's information and belief, Defendants maintain the posting on their company website.

## V.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7(a), 11(c), and 15(a)(3) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix  "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for

such other and further relief as may be necessary and appropriate including costs of this action.

       Respectfully submitted this 30th day of December 2021.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

CHARNA C. HOLLINGSWORTH-MALONE
Counsel

ROBERT L. WALTER
Counsel

TELEPHONE:   (678)237-0613
FACSIMILE:    (404) 302-5438
Email:
Murphy.kristin.r@dol.gov
Atl.fedcourt@dol.gov

BY: */s/Kristin R. Murphy*
    KRISTIN R. MURPHY
    Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, SW
Room 7T10
Atlanta, GA 30303
Murphy.kristin.r@dol.gov
atl.fedcourt@dol.gov

SOL Case No. 21-00247

8