IN THE United States District Court
Northern District of Georgia

MARTIN J. WALSH,
Secretary of Labor
United States Department of Labor  *   CASE NO:
                                       3:21-cv-00220-TCB

        Plaintiff,
-vs-

                              *   **DEFENDANTS' ANSWER**

811 AUTOWORKS, LLC D/B/A
A OK WALKER AUTOWORKS.
AND MILES WALKER, an individual,
Defendant(s), Pro Se.

---

Defendant(s), Miles Walker, pro se, 811 AUTOWORKS, LLC D/B/A A OK WALKER AUTOWORKS respond to Plaintiff's complaint, respectfully show to the Court as follows:

I.

Admitted

II.

Admitted

III.

Admitted

IV.

Deny all items

V.

Deny all items.

Defendant did make, keep and preserve accurate records of the persons employed and of the wages, hours worked by said employees abiding by the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516. The defendant can provide the documentation to the court at its' request.

VI.

1. Admitted – The last paycheck for Mr. Flaten was made out and signed but was inadvertently not mailed.

2. Denied

3. Denied

4. Admitted - It is the defendants' assertion that paying an employee in United States currency, no matter the denomination of the currency cannot be considered a retaliatory or discriminating action. Mr. Walker specifically asked a WMD representative if he could pay in cash and if any denomination of cash was acceptable. He was told that it was fine as long as Mr. Flaten was paid. Section 31 U.S.C. 5103, entitled "Legal tender," states: "United States coins and currency [including Federal Reserve notes and circulating notes of Federal Reserve Banks and national banks] are legal tender for all debts, public charges, taxes, and dues." This statute shows that all U.S. money as identified above is a valid and legal offer of payment for debts when tendered to a creditor or employee.

5. Admitted in relation to posting a comment to the company website. Nothing posted on the company website identified Mr. Flaten or any other employee. Any publicity from this case was sought after by Mr. Flaten himself by going to the press and doing multiple defamatory interviews which only told one side of the story. Any public defaming, in this case, was done by Mr. Flaten himself, therefore cannot rise to the level of retaliatory or discriminating actions.

Respectfully submitted,

Miles Walker, *pro se*
Address: 261 Clover Reach Peachtree City Ga. 30269
Telephone: 770-595-1667
Defendant, *pro se*

## CERTIFICATE OF SERVICE

This is to certify that a copy of this answer has been sent by ordinary United States Mail this ___ day of May 2022 to:

Ms. Kristin Murphy, Office of the Solicitor, U.S. Dept. of Labor – 61 Forsyth Street, S.W. Room 7T10, Atlanta, GA 30303
(Name and address of Plaintiff's attorney)

_____
Defendant, Pro Se (Signature)

                              Miles Walker, *pro se*
                              Defendant, *pro se*