UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| Secretary of Labor, | ) | CIVIL FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 3:21-cv-00220-TCB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| 811 AUTOWORKS, LLC D/B/A | ) | |
| A OK WALKER AUTOWORKS. | ) | |
| AND MILES WALKER, an individual, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Preliminary Report and Discovery Plan**[1]

1.  **Description of Case:**

    (a) Describe briefly the nature of this action.

---

[1] On June 2, 2022, undersigned counsel for the Plaintiff and Defendant Miles Walker discussed the matters addressed in this Preliminary Report and Trial Plan ("Report"). On June 7, 2022, undersigned counsel prepared this Report based on the parties' discussion, emailed a copy of the Report to Mr. Walker, and requested that Mr. Walker add his statement of the case in Section 1(b) below and provide a signed copy of the Report to undersigned counsel by June 13 for filing. As of the date of filing, Mr. Walker has not provided his statement of the case or returned a copy of the signed Preliminary Report and Discovery Plan. To date, no attorney has appeared on behalf of Defendant 811 Autoworks, LLC d/b/a AOK Walker Autoworks.

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and is brought by the Secretary under §15(a)(3) of the FLSA.

(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff's Statement:

The Secretary contends that Defendants 811 Autoworks, LLC dba AOK Autoworks and Miles Walker, individually, (collectively "Defendants") violated the provisions of Section 7 of the FLSA when they failed to compensate employees for hours worked over 40 hours in a workweek at rates not less than one and one-half times the regular rates at which they were employed.  Defendants paid employees a flat weekly rate of pay regardless of the number of hours worked per workweek.  The Secretary further contends that Defendants violated Section 11(c) of the FLSA when they failed to keep accurate records of their employees, their employees' addresses, and the hours worked by their employees.

Additionally, the Secretary alleges that Defendants violation Section 15(a)(3) of the FLSA when they discriminated against their former employee Andreas Flaten because he engaged in protected activity.  Specifically, the Secretary alleges that Defendants left over 90,000 pennies and note with an expletive written on it on Mr. Flaten's driveway after Defendants learned that Mr. Flaten had complained to the U.S. Department of Labor, Wage and Hour Division about not receiving his last paycheck.  The Secretary contends that Defendants

further violated Section 15(a)(3) through defamatory comments on their website. The Secretary therefore seeks appropriate legal, equitable and injunctive relief as provided by Sections 15(a)(3), 16(c), and 17 of the FLSA.  *See* 29 U.S.C. §§ 215(a)(3), 216(c), 217.

Accordingly, the Secretary brings this action to enjoin acts and practices which violate the provisions of Section 7, 11(c), and 15(a)(3) of FLSA and to obtain appropriate relief including payment of back wages accruing from and an equal amount in liquidated damages.

Defendants' Statement:

(c)  The legal issues to be tried are as follows:

The issues before the Court will include: (1) whether Defendants violated Section 7 of the FLSA when they failed to compensate employees for hours worked over 40 hours in a workweek at rates not less than one and one-half times the regular rates at which they were employed; (2) whether Defendants failed to keep accurate records as required by Section 11(c) of the FLSA; (3) whether Defendants violated Section 15(a)(3) of the FLSA when they left over 90,000 pennies in Mr. Flaten's driveway and made negative comments referencing him on their website; in response to his protected activity; and (4) what remedies, if any, are appropriate.

(d)  The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  N/A.

(2) Previously Adjudicated Related Cases:  N/A.

2. **This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   Kristin R. Murphy

Defendants:  Miles Walker is representing himself.  No attorney has appeared for either Mr. Walker or 811 Autoworks, LLC.

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes  \_\_X\_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

<u>N/A.</u>

(b)  The following persons are improperly joined as parties:

<u>N/A.</u>

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

<u>N/A.</u>

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

<u>The parties do not anticipate any amendments to the pleadings.</u>

(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>No party requests a scheduling conference with the Court at this time.</u>

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>This case will require discovery concerning the facts surrounding</u>

<u>Defendants' pay practices and recordkeeping; Mr. Flaten's complaints about</u>

<u>Defendants' pay practices; Defendants' decision to leave the pennies and expletive</u>

on Mr. Flaten's driveway; Defendants' actions in leaving the pennies and expletive on Mr. Flaten's driveway; and Defendants' subsequent statements on their website about leaving the pennies and referencing the employee on whose driveway the pennies were left.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

According to the chart contained in Appendix F, FLSA cases are generally assigned a four-month discovery period. At this time, the parties do not anticipate a need for additional time to take discovery, but if the need arises, they will notify the court and file an appropriate motion.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties do not request any further limitations at this time. However, the parties reserve the right to request such limitations in the future.

(b) Is any party seeking discovery of electronically stored information?

__X____ Yes _____ No

If "yes,"

7

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Secretary anticipates asking for relevant email messages, text messages, and other correspondence and records regarding Defendants' employment practices and interactions with its employees, including Mr. Flaten.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Secretary anticipates asking Defendants to produce relevant electronic messages and documents in their native format.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties do not request that the Court enter any order under Rules 26 or 16(b) or (c) at this time. However, the parties reserve the right to request such orders in the future.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 2, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  /s/ Kristin R. Murphy

For defendants: Lead counsel (signature):  /s

<u>Miles Walker is representing himself.  No attorney has appeared for either Mr. Walker or 811 Autoworks, LLC.</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(__X__) No possibility of settlement.

(c) Counsel(___) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case.

<u>The parties have not yet engaged in discovery, and the parties' settlement positions are far apart.</u>

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

9

/s/Kristin R. Murphy_____          /s/_____
Counsel for Plaintiff                                        Defendant Miles Walker


/s/_____
Counsel for 811 Autoworks, LLC d/b/a
AOK Walker Autoworks


\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
THE HONORABLE TIMOTHY C. BATTEN
UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF FONT AND POINT SELECTIONS

Pursuant to Northern District of Georgia Civil Local Rule 7.1 (D), I hereby certify that this certificate has been prepared with one of the font and point selection approved by this Court in Local Rule 5.1 (C): Times New Roman, 14-point.

*/s/Kristin R. Murphy*
KRISTIN R. MURPHY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Preliminary Report and Discovery Plan was filed via the Court's CM/ECF electronic filing system, as required by Northern District of Georgia Civil Local Rule 5.1(A) and as approved by Standing Order No. 04-01 of this Court. I also certify that a copy of this Preliminary Report and Trial Plan was sent to Defendant Miles Walker at the following address:

Miles Walker
104 Quail Run
Peachtree City, GA 30269

This 15th day of June 2022.

*/s/ Kristin R. Murphy*
KRISTIN R. MURPHY
