UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JULIE A. SU, )<br>Acting Secretary of Labor, )<br>United States Department of Labor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>811AUTO WORKS, LLC, dba A OK )<br>WALKER AUTOWORKS and MILES )<br>WALKER, an individual, )<br>)<br>Defendants. ) | CASE NO. 3:21-cv-00220-TCB |

## MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER

On March 20, 2023, this Court Ordered Defendants to provide full and complete responses to the Secretary's discovery requests on or before April 10, 2023. The Court's deadline has come and gone, and Defendants have not complied with the Court's Order. Accordingly, as suggested within the Order, the Secretary moves for appropriate sanctions, including imposition of a bar from introducing new evidence, default judgment, and appropriate attorney's fees related to this motion practice.

### BACKGROUND

The following facts are supported by the attached Declaration of Attorney Lydia Chastain and attached exhibits.

In September, the Secretary served Interrogatories (ROGs) and Requests for Production (RFPs) on *pro se* Defendant Walker. See Exhibit A to Chastain Declaration. Mr. Walker provided some handwritten notes partially responding to some of the ROGs and 18 pages of handwritten notes. See Exhibit B to Chastain Declaration. Mr. Walker did not completely answer the ROGs or provide a verification for his limited answers. Mr. Walker also did not provide written responses to the RFP and did not produce all documents requested. In December, Attorney Ryan Farmer made an appearance on behalf of Defendants.

On January 24, 2023, undersigned counsel conferred with Mr. Farmer regarding the deficiencies in Mr. Walker's discovery responses. The parties agreed to extend the discovery period by sixty days – until March 31, 2023. In addition, the Secretary agreed to give Defendants an additional thirty days, until February 22, 2023, to provide complete responses to the Secretary's discovery. On February 27, 2023, Defendants provided verified responses to the ROGs and a few additional responsive documents; however, even after many more emails and another production on March 10, 2023, Defendants had not produced all timekeeping records and payroll records through the present, and a verified list of employees from 2021 through the present.

As required by Judge Batten's scheduling order, the Secretary sent a one-page summary of the discovery dispute to Judge Batten's chambers, and

Defendants provided their response. See Exhibit C to Chastain Declaration. Thereafter, Judge Batten issued an Order granting the relief requested by the Secretary. See Docket No. 22, hereinafter "the Order."

### The Court's Order:

The Court summaries the deficiencies Plaintiff noted in Defendants' discovery responses as follows:

> • Defendants failed to adequately respond to Interrogatory 1, which asks Defendants to provide the identity of Defendants' employees and their rates of pay, position title, and periods of employment. Defendants provided a list but have failed to provide a verified response.
> • Defendants have failed to produce the "time sheets" and "pay stubs" that they reference in their amended responses to Interrogatory 3. Nor have they produced any documents recording employees' hours worked beyond 18 pages of handwritten notes for which Defendants have provided no context. Moreover, Defendants have failed to provide any written confirmation that the requested documents do not exist.
> • Defendants have failed to adequately respond to document requests 5 and 6 by failing to produce complete payroll records, including any payroll records from April 8, 2021 to present.

Order at 2-3.

The Court notes that "if a party fails to obey an order to provide discovery, the court may issue an order '(i) directing that the matters embraced in the order

3

or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [or] (vi) rendering a default judgment against the disobedient party.'" Order at 3 (citing FED. R. CIV. P. 37(b)(2)(A)). Thereafter the Court finds:

> Defendants' excuses are not sufficient to relieve them from their duty to provide timely and complete responses to Plaintiff's discovery requests. However, after careful review of the record before it, the Court orders that within twenty-one days [by April 10, 2023], Defendants correct the deficiencies that Plaintiff has identified, including but not limited to **amending Defendants' written discovery responses and producing all responsive documents or verifying that no additional documents exist.** Failure to comply with this order will result in one or more of the sanctions listed above, and "the court must order [Defendants and/or defense counsel] to pay reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C).

Order at 4.

## Defendants' Response

On April 10, 2023, Defendants provided nothing to the Secretary. On April 12, 2023, undersigned counsel alerted Defendants that she had received nothing and would be notifying the Court of Defendants' failure to comply with the Order. See Exhibit D to Chastain Declaration. Counsel responded that Defendants had

4

provided "much more discovery" and he hoped to have it to the Secretary hopefully by the end of the day. Id. On April 13, 2023, Defendants provided the Secretary with another production which was largely duplicative of documents Defendants had already produced prior to the Order. See Exhibit E to Chastain Declaration. The only new documents produced were 100 pages of payroll summary reports and hand-written work schedules from March 2021 through the present.

On April 13th and 14th, undersigned counsel alerted Defendants that their production continued to be deficient in the following ways:

- The payroll summaries provided for March 2021 – March 2023 are not complete payroll records as required by document requests 5 and 6, because they do not list hourly rates of pay or overtime rates. Accordingly, these summaries are insufficient for Wage and Hour to complete an accurate updated back wage computation.

- Defendants have not provided a complete collection of paystub details for all employees during the relevant time-period.[1]  The Secretary has indicated that she would also accept payroll detail reports which contain

---

[1] Defendants have twice produced the same 15 one-page paystub details for individual paychecks issued in random weeks in 2019 and 2021.

the same information as paystub details, if that would be easier for Defendants to produce.

- Defendants have still provided no contemporaneous timekeeping records from March 2019 through March 2021, and have not provided written confirmation that such records do not exist.

- Defendants have not verified, as required for Interrogatory responses, the provided list of employees and their rates of pay. Furthermore, the provided (unverified) list of employees and rates of pay does not match up with the information in the payroll summary reports provided on April 13, 2023. The Secretary has offered that if Defendants provide the payroll detail reports and/or paystubs requested above, Mr. Lovin would only need to verify the list of employees from March 2019 through the present. This verified list of employees must include *all* employees, including those paid cash or otherwise not listed in payroll records.

- Defendants have not amended their written discovery responses, as required by Court Order. Order at 4.

See Exhibit E.

In response, Defendants state – as they did during the informal discovery dispute process – that their delay is due to lack of resources and time constraints.

Id. Defendants do not dispute that their production continues to be incomplete, and do not provide a date certain for when it will be completed. Id.

As set forth in the Background section above, the Secretary has been seeking basic payroll records in this litigation since September 2022. Despite Defendants' repeated claims that the records at issue are "voluminous," Defendants have produced only 205 actual pages of records to date (Defendants have produced many of the same documents multiple times, apparently without realizing it). Now, after receiving *multiple* extensions of time from the Secretary and a week after the Court-ordered deadline for production, Defendants still fall short. Accordingly, for their violation of the direct Order of this Court, the Secretary asks that appropriate Sanctions be issued, including entry of an adverse inference/exclusion of un-produced evidence, attorney fees, and entry of default judgment.

## ANALYSIS

**Rule 37(b) Sanctions**

Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel*

7

*Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). The fact that a party like Mr. Lovin was initially proceeding *pro se* does not render him any less subject to sanctions than a represented party. *Zow v. Regions Financial Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to *pro se* parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That discretion, however, is not unbridled. It is axiomatic that the magnitude of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or to compensate the court or the parties for the added expense caused by the abusive conduct) (citations omitted).

In this case, one appropriate sanction would be to bar Defendants from introducing any new evidence disputing the Secretary's computation of back wages, which Wage and Hour has computed based on employee interviews and the limited payroll records provided. Fed. R. Civ. P. 37(b)(2)(A)(ii); *Wyndham Vacation Ownership, Inc. v. Montgomery Law Firm, LLC*, 2020 WL 3512121 (M.D.

Fla. June 29, 2020) (barring defendant from introducing any evidence at trial that is responsive to those discovery demands and that he did not previously disclose to the plaintiffs); *Nazer v. Five Bucks Drinkery LLC*, 2018 WL 936053, at *2 (M.D. Fla. Feb. 16, 2018) (barring party from introducing any evidence at trial that he failed to produce in response to opposing party's discovery); *McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011) (precluding plaintiff from introducing any documents that the court required him to produce and that were not disclosed by the court-ordered date), *aff'd sub nom.*, *McDaniel v. Sheriff of Palm Beach Cty.*, 491 F. App'x 981 (11th Cir. 2012); *Textron Fin. Corp. v. RV Having Fun Yet, Inc.*, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) (approving magistrate judge's recommendation precluding party from introducing into evidence documents that were not produced as required under the discovery rules and by court order). To the extent Defendants seek to introduce documentary evidence or testimony about alleged documentary evidence which conflicts with the Secretary's findings regarding hours-worked by Defendants' employees, or otherwise challenging the Secretary's computation of back wages, such evidence should be excluded as a sanction for failing to promptly produce this evidence as Ordered by the Court.

    Furthermore, pursuant to Rule 37(b)(2)(C), Defendants should be ordered to pay the Plaintiffs' reasonable expenses, including attorneys' fees, incurred in

9

bringing both the informal discovery dispute and this motion for sanctions. *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Indeed, in its Order, the Court has already ruled that it "**must** order Defendants and/or defense counsel to pay reasonable expenses, including attorney's fees, caused by the failure." Order at 4 (emphasis added).   The Secretary has included an accounting of time spent by her attorney in addressing this discovery issue and a request for reasonable attorney fees in paragraphs 12 through 17 of the attached Chastain Declaration.

Finally, under Rule 37(b)(2)(A), a district court may dismiss a complaint with prejudice when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice. *Lyle v. BA SF Chemistry, Inc.*, 802 Fed.Appx. 479 (11th Cir. 2020) (finding the district court did not abuse its discretion in dismissing case under Rule 37(b)(2)(A) where it had amended its discovery deadlines three times to give plaintiff more time to respond, and each time, she failed to submit complete and adequate responses to the defendants' discovery requests and at the in-person hearing her attorney admitted that her responses were not adequate and also told the court that, at least as to discovery about her medical

10

history, plaintiff intended to continue providing inadequate responses). (*citing Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). Here, Defendants have failed to comply with the Court's Order, despite having been granted multiple extensions of time by the Secretary. The Court would not abuse its discretion if it were to dismiss Defendants' Answer and enter default judgment against Defendants.

## CONCLUSION

Defendants have violated the Order of this Court. They should be ordered – again – to immediately produce the payroll records necessary for the Secretary to accurately compute back wages owed, including either the paystub details or payroll detail reports from the entire relevant time-period.  They should also be sanctioned for their conduct, including imposition of $4,800 in attorney fees, an order barring them from presenting evidence contradicting the Secretary's back wage computations, and entry of default judgment.

Respectfully presented this 16th day of April, 2023.


**[SIGNATURE ON FOLLOWING PAGE]**

11

| | |
|---|---|
| ADDRESS: | SEEMA NANDA |
| | Solicitor of Labor |
| Office of the Solicitor | |
| U.S. Department of Labor | TREMELLE I. HOWARD |
| 61 Forsyth Street, S.W. | Regional Solicitor |
| Room 7T10 | |
| Atlanta, GA 30303 | JEREMY K. FISHER |
| | Counsel |
| Telephone: | |
| (404) 302-5489 | By:*/s/ Lydia J. Chastain* |
| (404) 302-5438 (Fax) | LYDIA J. CHASTAIN |
| | Senior Trial Attorney |
| Email: | |
| Chastain.lydia.j@dol.gov | Office of the Solicitor |
| atl.fedcourt@dol.gov | U.S. Department of Labor |
| | Attorneys for Plaintiff |

SOL Case No. 21-00247

**CERTIFICATION OF FONT AND POINT SELECTIONS**

Pursuant to Northern District of Georgia Civil Local Rule 7.1 (D), I hereby certify that this Notice of Appearance has been prepared with one of the font and point selection approved by this Court in Local Rule 5.1 (C): Book Antiqua, 13-point.

                                                                     */s/ Lydia J. Chastain*
                                                                     LYDIA J. CHASTAIN
                                                                     Senior Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2023, I electronically filed the foregoing Motion for Sanctions for Failure to Comply with Court Order using the CM/ECF system, and certify that I sent notification of such filing via electronic mail at the address listed below:

>Ryan Farmer
>ryan@callcadenow.com

>*/s/ Lydia J. Chastain*
>LYDIA J. CHASTAIN
>Senior Trial Attorney
>chastian.lydia.j@dol.gov
>Atlanta Docket
>atl.fedcourt@dol.gov

SOL Case No. 21-00247