IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> 811 AUTOWORKS, LLC and MILES WALKER, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 3:21-cv-00220-TCB |

**O R D E R**

This case comes before the Court on Plaintiff's motion [23] for sanctions for failure to comply with court order and unopposed motion [24] to extend Plaintiff's discovery deadline.

**I. Background**

This case arises from alleged violations of federal labor law, specifically Defendants' failure to pay required overtime wages.

Since September 2022, Plaintiff has attempted to obtain relevant discovery from Defendants in the form of requests of production of

documents and interrogatories. Requested information included employee information, accounting records, payroll records, and employee time sheets.

Defendant Walker was initially proceeding *pro se* and responded with incomplete and unverified responses to the interrogatories and no response to the document requests.

In January 2023, the parties conferred regarding the deficiencies in Defendants' discovery responses and agreed that discovery be extended until March 31 and that Defendants had until February 22 to provide complete responses to the September 2022 discovery requests.

On February 27, Defendants provided verified responses to the interrogatories and an incomplete document production. Defendants produced additional documents on March 10, but on March 20 the Court found that the following deficiencies persisted:

- Defendants failed to adequately respond to Interrogatory 1, which asks Defendants to provide the identity of Defendants' employees and their rates of pay, position title, and periods of employment. Defendants provided a list but have failed to provide a verified response.
- Defendants have failed to produce the "time sheets" and "pay stubs" that they reference in their amended responses to Interrogatory 3. Nor have they produced any documents recording

- employees' hours worked beyond 18 pages of handwritten notes for which Defendants have provided no context. Moreover, Defendants have failed to provide any written confirmation that the requested documents do not exist.
- Defendants have failed to adequately respond to document requests 5 and 6 by failing to produce complete payroll records, including any payroll records from April 8, 2021 to present.

On March 20, the Court ordered Defendants to provide timely and complete responses to Plaintiff's discovery requests by April 10 or face sanctions.

By April 10, Defendants provided no additional documents nor confirming that no additional documents existed, as required by the Court's order.

On April 12, Plaintiff notified Defendants that it would be seeking sanctions, and on April 13, Defendants provided a production of largely duplicative documents. The only new documents provided were 100 pages of payroll summaries and hand-written work schedules from March 2021 to March 2023.

On April 16, Plaintiff filed the instant motion for sanctions stating that:

- The payroll summaries provided for March 2021 – March 2023 are not complete payroll records as required by

- document requests 5 and 6, because they do not list hourly rates of pay or overtime rates. Accordingly, these summaries are insufficient for Wage and Hour to complete an accurate updated back wage computation.
- Defendants have not provided a complete collection of paystub details for all employees during the relevant time-period. The Secretary has indicated that she would also accept payroll detail reports which contain the same information as paystub details, if that would be easier for Defendants to produce.
- Defendants have still provided no contemporaneous timekeeping records from March 2019 through March 2021, and have not provided written confirmation that such records do not exist.
- Defendants have not verified, as required for Interrogatory responses, the provided list of employees and their rates of pay. Furthermore, the provided (unverified) list of employees and rates of pay does not match up with the information in the payroll summary reports provided on April 13, 2023. The Secretary has offered that if Defendants provide the payroll detail reports and/or paystubs requested above, Mr. Lovin would only need to verify the list of employees from March 2019 through the present. This verified list of employees must include all employees, including those paid cash or otherwise not listed in payroll records.
- Defendants have not amended their written discovery responses, as required by Court Order.

[23] at 5–6. Defendants have failed to respond to Plaintiff's motion; thus, the Court adopts the facts as stated by Plaintiff as undisputed.

## II. Discussion

Under Rule 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery," the district court "may issue further just orders," including an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> . . .
> (vi) rendering a default judgment against the disobedient party.

FED. R. CIV. P. 37(b)(2)(A)(i)–(iii), (vi). This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985) ("Permissible purposes of sanction include: 1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." (citations omitted)).

For example, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). In order to justify a default judgment sanction, the Court must find "willful or bad faith failure to obey a discovery order," not merely "negligence, misunderstanding, or inability to comply." *Id.*

Plaintiff's proposal to preclude Defendants from introducing new evidence that might conflict with calculations made with data from existing productions is a reasonable sanction here. Because Defendants repeatedly failed to provide timely and complete discovery, Defendants may not introduce any documentary evidence or testimony that conflicts with Plaintiff's findings regarding hours worked by Defendants' employees, or otherwise challenges or disputes the Plaintiff's computation of back wages based on discovery conducted to date. *See McDaniel v. Bradshaw*, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011) (precluding party from introducing any documents that the court required him to produce and that were not disclosed by the court-ordered

6

date), *aff'd sub nom.*, *McDaniel v. Sheriff of Palm Beach Cnty.*, 491 F. App'x 981 (11th Cir. 2012). This does not prevent Defendants from disputing the computation method or challenging the computation by identifying conflicting data in already produced records.

Furthermore, "the court must order [Defendants and/or defense counsel] to pay reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C). The Court finds that the $4,800 calculated by Plaintiff, [23-1] at 6–11, constitutes reasonable attorney's fees related to this dispute. Based on the record before it, the Court finds that defense counsel has put forth a good faith effort in obtaining the requested discovery responses from his client. Therefore, Defendants are ordered, within ten days, to pay $4,800 in attorney's fees.

The Court is hesitant to grant default judgment despite Defendants' repeated failures to meet discovery deadlines and their failure to comply with the Court's March 10 order. While an entry of default here may not be an abuse of discretion, the court will typically grant dismissal or default only after parties fail to comply with multiple court orders, including in the case cited by Plaintiff to justifying granting

default judgment here. *See, e.g.*, *Lyle v. BA SF Chemistry, Inc.*, 802 Fed. Appx. 479 (11th Cir. 2020); *see also Howard v. Cent. Transp. Co.*, No. 3:21-CV-141-TCB, 2022 WL 5145733, at *3 (N.D. Ga. Sept. 2, 2022).

However, the Court grants Plaintiff's motion for an extension of the discovery period only for Plaintiff until June 16. By May 31, Defendants are ordered to produce any additional responsive information as described above and, at minimum, Defendants must amend their discovery responses to confirm that Defendants do not possess any additional responsive documents or information. If Defendants fail to do so, the Court will consider whether default judgment is appropriate.

In addition to extending Plaintiff's discovery period, the deadline to file motions for summary judgement or a joint proposed pretrial order is extended to June 30.

### III. Conclusion

For the reasons stated above, Plaintiff's motion [23] for sanctions is granted in part and denied in part as described here, and Plaintiff's motion for an extension of its discovery period is granted as described here: 1) Defendants are ordered to pay $4,800 in attorney's fees to

Plaintiff within ten days; 2) Defendants are precluded from presenting any new evidence that conflicts with Plaintiff's findings regarding the hours worked by Defendants' employees or Plaintiff's calculations of back pay; 3) Defendants are ordered to cure their deficient discovery responses as described above by May 31; 4) the discovery period for Plaintiff is extended until June 16; and 5) motions for summary judgment or a joint proposed pretrial order should be filed by June 30.

    IT IS SO ORDERED this 15th day of May, 2023.

                                          Timothy C. Batten, Sr.
                                          Chief United States District Judge