UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>      Plaintiff,<br><br>   v.<br><br>811 AUTOWORKS, LLC<br>dba AOK WALKER LUXURY<br>AUTOWORKS,<br>and MILES WALKER, an individual,<br><br>      Defendants. | )<br>) CASE NO. 3:21-cv-00220-TCB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT JUDGMENT**

This Consent Judgment resolves a civil action filed in this Court by Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor (hereinafter "the Secretary") to enforce the provisions of Sections 7, 11 and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA" or "the Act"), 29 U.S.C. §§ 207, 211 and 215(a)(3), against 811 Autoworks, LLC d/b/a AOK Walker Autoworks ("AOK Walker") and Miles Walker ("Walker") (hereinafter "Defendants"). It is, therefore,

   ORDERED, ADJUDGED and DECREED that Defendants AOK Walker and Walker, their agents, servants, employees, and all persons in active

concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the FLSA in any of the following manners:

1. They shall not, contrary to §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed, unless such employee qualifies for an exemption from overtime pursuant the applicable provision of the statute.

2. Defendants shall not, contrary to §15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3):

  a. threaten or intimidate (verbally or in writing),

  b. terminate or threaten to terminate,

  c. coerce or attempt to influence behavior,

  d. disparage in person or electronically, including through narrative or photographs on websites, or

  e. retaliate or discriminate against

any current and/or former employees of AOK Walker based on Defendants' belief

that an employee engaged in protected activity.  "Protected activity" includes, but is not limited to: accepting payment or wages owed by Defendants; refusing to return back wages received pursuant to an agreement between Defendants and the Department of Labor; speaking with or intending to speak with a Wage and Hour investigator; filing a complaint with the Department of Labor; cooperating or intending to cooperate in any way in Department of Labor investigations; complaining to Defendants or any of their representative agents or assigns about what the employee believes is a violation of the FLSA; or, otherwise exercising any right under the FLSA.  They shall not accept, request, or require that any employee return or decline payment of wages owed to them.

      3.  They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

      4.  Defendants shall immediately remove from the A OK Walker website (https://aokwalker.com) all photographs of and references to former employee Andreas Flaten, and is permanently enjoined from posting photographs of or references to Mr. Flaten on this or any other website or social media site.

      IT IS FURTHER ORDERED, ADJUDGED and DECREED that:

5. Defendants are hereby restrained from withholding back wages in the total amount of $19,967.09 plus liquidated damages in the amount of $19,967.09, which are due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto.  The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in 12 monthly installments. The first four installment payments shall be the back wages, for which Defendants remain responsible for the employer's share of F.I.C.A. and for all appropriate withholdings. The remaining eight installment payments shall be the liquidated damages, which will be paid in their entirety with no withholding or F.I.C.A. required. The payments must be paid per the following schedule:

| AMOUNT | ON OR BEFORE |
| --- | --- |
| $9,983.57 (less withholding) | July 15, 2023 |
| $3,327.84 (less withholding) | August 15, 2023 |
| $3,327.84 (less withholding) | September 15, 2023 |
| $3,327.84 (less withholding) | October 15, 2023 |

| | |
|---|---|
| $2,495.89 | November 15, 2023 |
| $2,495.89 | December 15, 2023 |
| $2,495.89 | January 15, 2024 |
| $2,495.89 | February 15, 2024 |
| $2,495.89 | March 15, 2024 |
| $2,495.89 | April 15, 2024 |
| $2,495.89 | May 15, 2024 |
| $2,495.89 | June 15, 2024 |

Payment must be delivered or mailed to U.S. Department of Labor, Wage and Hour Division, Atlanta District Office, 61 Forsyth Street SW, Room 7M10, Atlanta, GA 30303, on or before the above due dates.  If payment is not received or postmarked by the above-listed dates, Defendants shall be in default.

In the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

Defendants also shall immediately provide Plaintiff's attorneys with a schedule showing the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute to the named employees, or to their personal representatives, the back wages and liquidated damages owed to them. Any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

6. Defendants shall immediately post this Consent Judgment in all conspicuous places in or about its facility where notices for employees are customarily posted. Defendants shall maintain this posting for 12 months from the date of posting.

7. Defendants shall immediately post U.S. Department of Labor, Wage and Hour Division Fact Sheet #77A in all conspicuous places in or about its facility where notices for employees are customarily posted and maintain this posting permanently unless and until the Fact Sheet is amended by the U.S. Department of Labor.

8. Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 13th day of June 2023.

_____
THE HONORABLE TIMOTHY C. BATTEN
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Defendants consent to entry of the foregoing Judgment:** | **Plaintiff moves for entry of the foregoing Judgment:** |
| MILES WALKER and<br>811 AUTOWORKS, LLC D/B/A<br>AOK WALKER AUTOWORKS | SEEMA NANDA<br>Solicitor of Labor |
| By: *s/Ryan Farmer*<br>    RYAN FARMER<br>    Georgia Bar No. 474673 | TREMELLE I. HOWARD<br>Regional Solicitor |
| **Parian Lawyers**<br>1606 Maple Street<br>Carrollton, Georgia  30117<br>(404) 795-5035<br>ryan@callcadenow.com | JEREMY K. FISHER<br>Counsel<br><br>MONICA R. MOUKALIF<br>Counsel |
| Attorney for Defendants<br>Miles Walker and<br>811 Autoworks, LLC<br>d/b/a AOK Walker Autoworks | By: *s/Lydia J. Chastain*<br>    LYDIA J. CHASTAIN<br>    Georgia Bar No. 142535 |
| DATE: June 5, 2023 | Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, Georgia 30303<br>(404) 302-5489<br>chastain.lydia.j@dol.gov<br>ATL.FEDCOURT@dol.gov |
| | Attorneys for Plaintiff Secretary of Labor, United States Department of Labor |
| | DATE: June 5, 2023 |
| SOL NO. 21-00247 | |

## SCHEDULE A to CONSENT JUDGMENT

| Name | Dates | Back Wages | Liquidated Damages | Total |
| --- | --- | --- | --- | --- |
| Burdette, Dale | 4/21/2019 to 6/30/2019 | $540.39 | $540.39 | $1,080.78 |
| Courtemanche, Brandon | 8/20/2020 to 10/25/2020 | $256.59 | $256.59 | $513.18 |
| Exline, Eugene | 2/14/2021 to 6/27/2022 | $1,771.69 | $1,771.69 | $3,543.38 |
| Flaten, Andreas | 1/12/2020 to 11/22/2020 | $4,345.27 | $4,345.27 | $8,690.54 |
| Goldschrafe, Richard | 4/21/2019 to 12/6/2020 | $7,320.32 | $7,320.32 | $14,640.64 |
| Hindman, Joseph | 1/31/2021 to 4/4/2021 | $1,122.24 | $1,122.24 | $2,244.48 |
| Hughes, Blake | 3/15/2020 to 2/14/2021 | $1,842.25 | $1,842.25 | $3,684.50 |
| Mitchell, Brandon | 5/10/2020 to 5/24/2020 | $96.22 | $96.22 | $192.44 |
| Mowery, William | 4/21/2019 to 2/16/2020 | $2,672.12 | $2,672.12 | $5,344.24 |
|  | TOTALS: | $19,967.09 | $19,967.09 | **$39,934.18** |